# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JAMES WRIGHT AND CANDY WRIGHT** | : | **DOCKET NO. 06-0485** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **ALLSTATE INSURANCE COMPANY** | : | **MAGISTRATE JUDGE WILSON** |

## <u>MEMORANDUM RULING</u>

Before the court is Allstate Insurance Company's motion for summary judgment [doc. #
23].[1]

<u>Background</u>

On March 7, 2006, James Wright and Candy Wright, husband and wife, filed the instant
suit in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana. Made
defendant was Allstate Insurance Company. Plaintiffs allege that on March 7, 2005, their home
was destroyed by fire. (Petition, ¶ 4). Apparently, Allstate was plaintiffs' homeowner's insurer.
*See*, Petition. Plaintiffs allege that their insurer failed to recompense them for the fire related
losses. (Petition, ¶ 6). Accordingly, plaintiffs seek to recover the amount due under the policy,
plus penalties and attorney's fees. *See*, Petition.

On March 23, 2006, Allstate timely removed the case to federal court on the basis of
diversity jurisdiction, 28 U.S.C. § 1332. On July 21, 2006, Allstate filed the instant motion for
summary judgment. Following a delay for briefing, the matter is now before the court.

---

[1] The above-captioned matter has been referred to the undersigned for the conduct of all
further proceedings and the entry of judgment. 28 U.S.C. § 636(c).

<u>Summary Judgment Principles</u>

Summary judgment is proper if the movant demonstrates that "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; *Lechuga v. Southern Pacific Transp. Co.*, 949 F.2d 790 (5th Cir. 1992). "In order to defeat a properly supported motion for summary judgment, the nonmoving party must direct the court's attention to admissible evidence in the record which demonstrates that it can satisfy a "fair-minded jury"[2] that it is entitled to a verdict in its favor." *ContiCommodity Services, Inc. v. Ragan*, 63 F.3d 438, 441 (5th Cir. 1995)(citing, *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257 (5th Cir. 1991)).

In response to a properly supported motion for summary judgment, the non-movant, may not rest upon the mere allegations or denials contained in the pleadings, but instead must set forth, by affidavit or otherwise, the specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). In other words, once the moving party points to an absence of evidence in the nonmoving party's case, the nonmovant must come forward with summary judgment evidence sufficient, such that if introduced at trial, it would suffice to prevent a directed verdict against the nonmovant. *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).

<u>Discussion</u>

The Wrights' homeowner's policy provides in pertinent part that

> [i]n the event of a loss to any property that may be covered by this policy, **you** must:

---

[2] Albeit, in this case which is to be tried as a bench trial, the fact-finder would be the undersigned.

*      *      *

d)      give **us** all accounting records, bills, invoices and other vouchers or certified copies, which **we** may reasonably request to examine and permit us to make copies.

*      *      *

f)      as often as **we** reasonably require:

*      *      *

2)      at **our** request, submit to examinations under oath, separately and apart from another person defined as **you** or **insured person** and sign a transcript of same.

(Def. Exh. 1, Deluxe Plus Homeowners Policy, pg. 17).[3]

Allstate contends that the insureds have violated the above policy provisions by neglecting to provide requested financial records and by Candy Wright's failure to submit to an examination under oath. Allstate argues that the plaintiffs' lack of cooperation mandates summary dismissal of the suit.

James Wright submitted to an examination under oath on July 8, 2005. (Def. Exh. 6). At that time, Wright provided counsel for Allstate with some documents. (Pl. Exh.; Affidavit of James Wright). At the examination, James Wright agreed to provide additional documents. (*See*, Def. Exh. 6). According to James Wright he forwarded most of the requested documents to his former attorney, Greg Lyons. (Pl. Exh.; Affidavit of James Wright). However, Wright was subsequently unable to reach Mr. Lyons until the instant motion for summary judgment was

---

[3] "You" or "Your" means the person named on the declarations page and that person's resident spouse. *Id*. at pg. 3. James Wright is on the declarations page.

filed.  *Id.*[4]  Wright is attempting to locate the documents given to Mr. Lyons.  *Id.*

Candy Wright did not appear for her July 8, 2005, examination under oath because she was incarcerated on pending charges.  (Pl. Exh.; Affidavit of Candy Wright).  Accordingly, Allstate rescheduled her examination for August 16, 2005.  (*See*, Def. Exh. 11).  However, Ms. Wright notified Allstate that she would not appear for that examination.  (*See*, Def. Exh. 16).  Ms. Wright stated that she canceled the second examination because she became aware that arson was at issue, and she was reluctant to provide a statement under oath without having an attorney present.  (Pl. Exh.; Affidavit of Candy Wright).

On September 21, 2005, shortly before Hurricane Rita struck southwest Louisiana, John Lavern, Esq. notified counsel for Allstate that he had been retained to represent Candy Wright in this matter.  (Def. Exh. 19).  There is no evidence that Mr. Lavern made any further contact with Allstate prior to the filing of the instant complaint in March 2006.  Mr. Lavern has since withdrawn as counsel of record for Candy Wright.  Now that she has counsel, Ms. Wright stands ready to provide a deposition.  (Pl. Exh.; Affidavit of Candy Wright).  She also has attempted to gather all of the documents requested by defense counsel.  *Id.*

In support of its motion, Allstate cited two Louisiana cases, *Brantley v. State Farm*, 865 So.2d 265 (La. App. 2d Cir. 2004), and *Lee v. United Fire & Casualty Company*, 607 So.2d 685 (La. App. 4th Cir. 1992).  In *Brantly*, judgment was granted in favor of the insurer *after trial* due to the insureds' failure to submit to an examination under oath or to provide:  a sworn proof of

---

[4]  When court staff attempted to reach Mr. Lyons in July 2006 regarding the missed FRCP 16(b) scheduling conference, he was advised that Mr. Lyons was ill.

loss, an inventory of damaged property, and financial records. *Brantley, supra.*[5] In *Lee*, plaintiffs' case was dismissed for their "intransigent" refusal to provide requested documents and to submit to questions under oath in contravention of both the court's discovery rules and the policy's cooperation provisions. *Lee, supra*.

Research has uncovered at least two Louisiana cases brought by insureds against their own insurer wherein the courts have required the insurer to demonstrate that any breach of the policy's cooperation clause be material and prejudicial. *See*, *Bernard v. Hungerford*, 157 So.2d 246, 250 (La. App. 3d Cir. 1963); *Trosclair v. CNA Ins. Co.*, 637 So.2d 1168, 1170 (La. App. 4th Cir. 1994). Additionally, one insurance treatise states that "in the absence of a reasonable excuse," an insured forfeits coverage by failing to produce requested documents and refusing to submit to an examination under oath. 13 *Couch on Insurance* § 196:23 (November 2006).

In the case *sub judice*, Allstate does not contend that it has been materially prejudiced by the plaintiffs' lack of cooperation. Moreover, plaintiffs have proffered arguably reasonable explanations for their compliance shortfalls. Unlike the insureds in *Lee, supra*, Candy Wright is willing to submit to a deposition, and both plaintiffs are endeavoring to locate requested documents.

In sum, Allstate has not established that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56.[6]

---

[5] The court of appeals previously upheld the denial of summary judgment on the same issue due to genuine issues of material fact. *Brantley v. State Farm Ins. Co.*, 799 So.2d 638, 644 (La. App. 2d Cir. 2001).

[6] Of course, now that suit has been filed, plaintiffs are not only contractually bound to provide available documents and a statement under oath, they are now required to do so by the Federal Rules of Civil Procedure.

Accordingly, Allstate's motion for summary judgment [doc. # 23] is hereby DENIED.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on December 5, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE